UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| THE ESTATE OF FLORA MATTINGLY, Shawn S. Fugate, EXECUTOR | Plaintiff |
| v. | Civil Action No. 3:21-cv-00274-RGJ |
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, *et al.* | Defendants |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, The Estate of Flora Mattingly, Shawn S. Fugate, Executor, sued Defendants, State Auto Property & Casualty Insurance Company ("State Auto") and Ohio Security Insurance Company ("Ohio Security"), seeking relief for breach of contract under Kentucky law. [DE 1 at 7]. Ohio Security now moves to dismiss Plaintiff's claim as contractually time-barred. [DE 11]. Plaintiff responded in opposition. [DE 12]. Discovery has not commenced. This matter is ripe. For the reasons below, Ohio Security's Motion to Dismiss is **DENIED**.

**I.    BACKGROUND**

The Court accepts the facts in the Complaint as true for purposes of Defendant's Motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

From February 26, 2017 to February 26, 2018, Plaintiff's premises located at 111 N. Dixie Highway, Elizabethtown, Kentucky, was insured by Ohio Security. [DE 1 at 1–2]. From February 26, 2019 to February 26, 2020, the premises was insured by State Auto. [DE 1 at 3]. On June 17, 2019, a hailstorm event struck the premises, causing substantial damage. [DE 1 at 4]. Plaintiff promptly reported the damage to State Auto. *Id.* State Auto hired EES Group, Inc. to investigate Plaintiff's claim. *Id.* On June 19, 2020, EES issued a report confirming that the premises suffered

1

hail damage but asserting that the damage occurred before the State Auto Policy term. *Id.* Plaintiff disputes this finding. *Id.* State Auto denied Plaintiff's claim based on this report. *Id.*

Based on this denial, Plaintiff made a claim to Ohio Security for damage to the premises which occurred in a hailstorm on April 5, 2017. *Id.* Ohio Security hired Haag Engineering to investigate Plaintiff's claim. [DE 1 at 5]. On December 21, 2020, Haag "issued a report confirming that the Insured Premises had been damaged by hail but claiming that damage was not caused by hailstones and/or the hailstones were not large enough to tear the roof membrane."[1] [DE 1 at 5]. The Complaint alleges that on January 11, 2021, Ohio Security acknowledged the hail damage, but denied Plaintiff's claim because the damage was not caused by hailstones, the hailstones that did fall were not large enough to tear the roof membrane, exclusions applied, interior damage was not from a covered cause of loss, and Plaintiff failed to timely report the loss. [DE 1 at 5–6].[1]

Plaintiff sued in this Court on May 3, 2021. [DE 1]. State Auto answered the Complaint [DE 9], and Ohio Security moved to dismiss for failure to state a claim [DE 11].

II. **STANDARD**

A. Motion to Dismiss

In considering a motion to dismiss, the Court must accept as true all factual allegations set forth in the complaint and make all reasonable inferences in favor of the non-moving party. *Davis v. Prison Health Servs.*, 679 F.3d 433, 440 (6th Cir. 2012). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw

---

not.[1] While this statement comes directly fcrom the Complaint, the Court questions the logic of this statement. Either the damage was caused by hail or it was not. The Court notes that this statement is unclear.

2

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A complaint will be dismissed "if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

    B.  Matters Outside the Pleadings

In support of its Motion, Ohio Security attached the commercial insurance policy agreement as Exhibit A. [DE 11-1]. While the Court does not ordinarily consider matters beyond the complaint when reviewing a motion to dismiss, it is within the Court's discretion to consider materials outside the pleadings. *See Jones v. City of Cincinnati*, 521 F.3d 555, 561–62 (6th Cir. 2008) ("On a motion to dismiss, a court may accept 'matters outside the pleadings,' but in doing so it generally must treat the motion 'as one for summary judgment under Rule 56.'"); *Barrett v. Harrington*, 130 F.3d 246, 253 (6th Cir. 1997) ("It is well established that a [d]istrict [c]ourt has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.") (citation omitted). Rule 12(d) of the Federal Rules of Civil Procedure provides that, if "matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The Court, however, "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein" without converting to a summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). An insurance contract may be so central to the claims in a complaint

that it is not a "matter[] outside the pleading" for the purposes of a motion to dismiss. *E.G.*, *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

Here, neither Plaintiffs nor Ohio Security advocate for conversion to summary judgment and appear to rely on the standard under Rule 12(b)(6). [DE 11 at 287; DE 12 at 683]. *See Wallace Sales & Consulting, LLC v. Tuopo N. Am., Ltd.*, No. 2:15-cv-10748, 2015 WL 4509349, at *2 (E.D. Mich. July 24, 2015). Plaintiff did not attach the complete insurance contract to the Complaint, but Ohio Security did attach the contract to its Motion to Dismiss. Because the insurance contract is referenced in the Complaint and is central to Plaintiff's claims, it is not a matter outside the pleadings for the purposes of Ohio Security's Motion to Dismiss. As a result, the Court will not convert the Motion to Dismiss, and the Court will consider the insurance contract in its analysis.

### III. ANALYSIS

The Complaint contains a single claim for breach of contract. [DE 1]. The contract provides: "No one may bring a legal action against us under this Coverage Part unless there has been full compliance with all of the terms of this Coverage Part and the action is brought within 2 years after the date on which the direct physical loss or damage occurred." [DE 11-3].

Ohio Security argues that the hail damage complained of occurred on April 5, 2017 and that the suit was not filed until May 3, 2021. [DE 1 at 5]. As a result, Ohio Security argues that Plaintiff contract claim is time-barred because it failed to file suit within two years of the damage as required by the insurance policies' suit limitation condition. [DE 11 at 287]. "Plaintiff argues that the two-year contractual limitation in the policy contravenes a statute, Ky. Rev. Stat. § 304.10-370, and that it is otherwise unreasonable. [DE 12 at 681].

4

A. Public Policy

Under Kentucky law, the terms of an insurance contract must control unless they contravene public policy." *Willowbrook Investments, LLC v. Maryland Casualty Co.*, 325 F. Supp. 3d 813, 817 (W.D. Ky. 2018). The Kentucky Supreme Court has held that "the establishment of public policy is not within the authority of the courts . . . . [i]t is the prerogative of the legislature to declare that acts constitute a violation of public policy." *Ky. Farm Bureau Mut. Ins. Co. v. Thompson*, 1 S.W.3d 475, 476–77 (Ky. 1999) (internal citation omitted). Plaintiff has not pointed to any legislative authority suggesting that the two-year contractual limitation here is inconsistent with the public policy of Kentucky. Further, federal courts applying Kentucky law have found that "because Ky. Rev. Stat. § 304.10-370 . . . 'allows foreign insurers to limit actions against them to one year,' the public policy of Kentucky favors the enforcement of a provision whereby an insurer limits the time for bringing an action against it." *Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-CV-00054, 2012 WL 4959528, at *3 (W.D. Ky. Oct. 16, 2012) (internal citation omitted). Therefore, the Court finds that the two-year contractual limitation does not contravene public policy.

B. Ky. Rev. Stat. § 304.10-370

Next, the Court addresses the Plaintiff's argument that the contractual limitation provision violates Ky. Rev. Stat. § 304.10-370. Section 304.10-370 provides:

> No conditions, stipulations or agreements in a contract of insurance shall deprive the courts of this state of jurisdiction of actions against foreign insurers, or limit the time for commencing actions against such insurers to a period of less than one (1) year from the time when the cause of action accrues.

In *Smith v. Allstate Insurance Co.*, the Sixth circuit concluded that a one-year limitation on the right to sue an insurance company did not violate this statute. 403 F.3d 401 (6th Cir. 2005). In *Smith*, the policy provided that "[n]o suit or action [could] be brought against [the insurance company] unless there [had] been full compliance with all policy terms" and that "[a]ny suit or

5

action must [have been] brought within one year after the inception of loss or damage." 403 F.3d at 403. The plaintiffs' properties were damaged by a fire in April 2000, but the plaintiffs did not bring suit against the insurance company until January 2002, four months after the company denied their claim. *Id.* at 403–04.

While the one-year statutory restriction on contractual limitations runs from the date of accrual, § 304.10-370, the one-year contractual limitation in *Smith* ran from "the inception of loss or damage." 403 F.3d at 403. In deciding whether the contractual limitation violated the statute, the Court had to decide when the cause of action accrued. *Id.* at 404–05. The court explained: "The logic of [§ 304.14-370] would seem to be that [the insurance company's] one-year limitation period is not valid unless, as a matter of law, an insured's cause of action accrues on the date of his or her loss." *Id.* The *Smith* court went on to recognize "a long line of Kentucky cases holding . . . that a cause of action does not accrue until the plaintiff has the right to institute and maintain a suit." *Id.* at 405 (internal citations omitted). But the court eschewed this line of cases because (1) they did not involve § 304.14-370; and (2) Kentucky courts had "repeatedly enforced insurance contract provisions under which the time for suit began to run before the insured had a right to sue." *Id.* at 405 (internal citations omitted). Ultimately, the court held that "the limitations provision requiring the [plaintiffs] to sue [the insurance company] within one year of their loss, while prohibiting suit during a portion of that year, [was] not inconsistent with [Ky. Rev. Stat. § 304.14-370]." *Id.* The court found that, under Kentucky law, "a cause of action for breach of an insurance contract may 'accrue,' in some sense, before the claimant is entitled to sue." *Id.*

*Smith* "implicit[ly] find[s] that the cause of action accrue[s] on the date of the loss." *Price v. AgriLogic Ins. Servs., LLC*, 37 F. Supp. 3d 885, 894 (E.D. Ky. 2014). This finding remains good law and is therefore binding on this Court. In *Smith*, the Sixth Circuit upheld a limitation provision

6

requiring a party to sue within one year of the loss, holding that the provision complied with Ky. Rev. Stat. § 304.14-370. *Smith*, 403 F.3d 405. Because the contractual limitation here sets a longer time period—two years— for a party to sue [DE 11-1 at 360], the Court must find that the two-year contractual limitation in the policy issued by Ohio Security complies with Ky. Rev. Stat. § 304.14-370.

A limitation provision "may nonetheless be unenforceable if it did not allow the [plaintiff] a reasonable time to sue." *Smith*, 403 F.3d at 405. Plaintiff argues that the provision did not allow the plaintiff a reasonable time to sue because "the Estate had no time to sue" once the claim had been denied. [DE 12 at 688]. Defendant responds that "[p]laintiff's alleged failure to discover the 'catastrophic' hail damage to plaintiff's buildings for over two years after a 'severe storm event' does not render the suit limitation clause unreasonable." [DE 13 at 698].

The Court's analysis of whether Plaintiff had a reasonable time to sue is heavily dependent up on the facts in this particular case. *See Smith*, 403 F.3d at 402 ("We agree that the limitations provisions were valid under applicable state law (the law of Kentucky) and were enforceable against the plaintiffs *in the circumstances presented here*." (emphasis added)). In *Smith*, the Sixth Circuit attributed much of the delay in filing the insurance claim to the fault of the plaintiffs. *Id.* at 406. Further, the Eastern District of Kentucky has rejected a plaintiff's argument that there was not reasonable time to sue where the plaintiff had one month's time to sue after the insurance company's denial of the claim. *Myers v. Agrilogic Ins. Servs., LLC*, No. 14-cv-227-JMH, 2015 WL 1468239, at *3 (E.D. Ky. Mar. 30, 2015), *aff'd in relevant part*, 694 Fed. App'x 373 (6th Cir. 2017).

According to Plaintiff's complaint, "Plaintiff promptly reported the Ohio Security Loss to Ohio Security upon discovery of the damage." [DE 1 at 5]. The Court must accept this fact as true

at this stage of the proceeding. *Davis v. Prison Health Servs.*, 679 F.3d 433, 440 (6th Cir. 2012). This case can be distinguished from *Smith* in that, unlike in *Smith*, the insurance claim is for hail damage, which is not as readily apparent as the fire damage in *Smith*. Federal courts applying Kentucky law have recognized that contractual limitations which leave no time for suit due to no fault of the plaintiff are unreasonable. *Willowbrook Investments, LLC v. Maryland Casualty Company*, 325 F. Supp. 3d 813, 820 (W.D. Ky. 2018).

In *Willowbrook Investments, LLC*, the plaintiff was not entitled to payment until after the two-year contractual limitation had expired. *Id.* at 815. Through no fault of its own, the plaintiff was unable to file suit within the contractual limitation. *Id.* at 820. Just as in *Willowbrook Investments, LLC*, Plaintiffs here had no time to sue within the contractual limitation. *Id.* ("Unlike the plaintiffs in *Smith* and *Myers*, who had at least some time during which to file suit under their respective policies, it appears at this stage that Willowbrook had *no time* to file suit, as the two-year limitation had expired by the time Willowbrook was entitled to payment." (internal citations omitted) (emphasis in original)). Under these circumstances and at this stage of the proceedings, the Court is unable to conclude that Plaintiff had "a reasonable time to sue" under Kentucky law. *See Smith*, 403 F.3d at 405; *see also Ashland Fin. Co.*, 474 S.W.2d at 366 ("The only question, we think, is whether the ultimate limitation period is unreasonably short."). Ohio Security's motion to dismiss will therefore be denied.

### IV. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

Pursuant to 28 U.S.C. 636(b)(1)(A), this matter is **REFERRED** to U.S. Magistrate Judge Colin H. Lindsay for resolution of all litigation planning issues, a scheduling conference, entry of

scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. Magistrate Judge Lindsay is further authorized to conduct a settlement conference in this matter at any time. A separate order scheduling the Rule 16 Conference will be issued by the Chambers of United States Magistrate Judge Lindsay.

Rebecca Grady Jennings, District Judge
United States District Court

March 9, 2022

Copies to Counsel & MJ Lindsay - Case Manager