UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| THE ESTATE OF<br>FLORA MATTINGLY,<br>Shawn S. Fugate, EXECUTOR | Plaintiff |
| v. | Civil Action No. 3:21-cv-274-RGJ |
| STATE AUTO PROPERTY & CASUALTY<br>INSURANCE COMPANY | Defendant |

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

Plaintiff Estate of Flora Mattingly ("the Estate"), by and through Executor Shawn S. Fugate ("Fugate") moves to compel appraisal of its insurance dispute with Defendant State Auto Property and Casualty Insurance Company ("State Auto"). [DE 28]. State Auto responded, and the Estate replied. [DE 35, 37]. This matter is ripe. For the reasons below, the Estate's Motion, [DE 28], is **GRANTED**.

### BACKGROUND

The Estate owns real property located at 1111 N. Dixie Highway in Elizabethtown, Kentucky. [DE 28-1 at 2–3]. State Auto, pursuant to policy number PBP 2856956 01 ("the policy"), insured the property against all "direct physical loss unless the loss is excluded or limited in this policy." [DE 1-2 at 91, 110]. Notably, the policy does not exclude or limit ordinary hail damage. [*See id.* at 110–15]. This policy was operative from February 26, 2019 to February 26, 2020. [DE 35 at 1].

On June 17, 2019, a hailstorm swept through Kentucky, and the Estate claims that this storm caused considerable damage to its property. [DE 28-1 at 3]. State Auto received notice of the loss ten months later, on April 28, 2020. [DE 35 at 2]. After receiving this notice, State Auto

1

promptly hired EES Group, Inc. to investigate the claim. [*Id.*]. Its investigation found damage to the premises, but it determined that such damage occurred well before the 2019 hailstorm, as leaks had been occurring in the building since at least 2015. [*Id.*]. State Auto then denied the Estate's claim because the damage occurred outside of the policy's effective dates. [DE 28-1 at 3]. Shortly thereafter, the Estate hired its own expert to assess the damage's cause, and he determined that the damage did, in fact, result from the June 17, 2019 hailstorm. [*Id.*]. He also determined that the Estate's property suffered $1,102,524.71 worth of damage. [*Id.* at 3–4].

The policy includes a provision for expert appraisal in case of disagreement between the parties. The provision reads, in full:

> **2. Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> **a.** Pay its chosen appraiser; and
> **b.** Bear the other expenses of the appraisal and umpire equally.
> If there is an appraisal, we still retain our right to deny the claim.

[DE 1-2 at 99]. State Auto does not contest that there is a dispute about the amount of loss and that the Estate made a written demand for appraisal. [*See* DE 35].

The Estate sued State Auto in this Court on May 3, 2021. [DE 1]. It now moves to enforce the policy's appraisal provision and compel State Auto to participate in the appraisal process. [DE 28].

## DISCUSSION

At the outset, the Court notes that if the property suffered hail damage on June 17, 2019, then that damage is covered by the State Auto policy. While appraisers can determine the cause

2

and amount of loss, "the scope of coverage—whether an event is covered under the terms of the policy—is for the court to determine as a matter of law." *Motorists Mut. Ins. Co. v. Post*, No. Civ.A. 04–487–JBC, 2005 WL 2674987, at *3 (E.D Ky. Oct. 20, 2005). Here, the policy ran from February 26, 2019 to February 26, 2020, and policy's terms cover hail damage. [DE 1-2 at 69–74; DE 35 at 1]. If the property was damaged by hail on June 17, 2019, then the policy's coverage includes the Estate's claim. But if, as State Auto claims, the damage occurred before February 26, 2019, then the policy would not cover the damage. Coverage hinges entirely on what caused the damage and when. The cause of the damage and the amount of loss—not the scope of coverage—are what must still be determined to resolve this case.

Although some courts in other jurisdictions hold that causation is part of the coverage analysis and a legal question for the court, *see, e.g., Rogers v. State Farm Fire & Cas. Co.*, 984 So. 2d 382, 392 (Ala. 2007), federal courts in Kentucky have repeatedly said that "the court may let the appraiser determine both the cause of loss and the amount of loss." *Motorists Mut.*, 2005 WL 2674987, at *3 (citing *CIGNA Ins. Co. v. Didimoi Prop. Holdings*, 110 F. Supp. 2d 259, 268–69 (D. Del. 2000); *see Woods Apartments, LLC v. U.S. Fire Ins. Co.*, No. 11-41-C, 2012 WL 12996188, at *1 (W.D. Ky. May 30, 2012); *Cincinnati Specialty Underwriters Co. v. C.F.L.P. 1, LLC*, No. 3:14-cv-40-DJH, 2015 WL 5793951, at *2 (W.D. Ky. Sept. 30, 2015) ("The cause of damage and amount of loss are for the umpire to resolve."). This is true even if the appraisal provision does not expressly say that the appraisers can determine the cause of loss. *Motorists Mut.*, 2005 WL 2674987, at *4.

In *Motorists Mutual*, the insured's property was damaged by wind and ice storms. *Id.* at *1. He moved the court for a declaration that the insurer must adhere to the appraisal provision in the insurance contract, which stated that "either party [could] demand an appraisal should there be

3

a dispute as to the value of a covered loss." *Id.* at *4. The court granted the motion and allowed the appraisers to consider both the cause and value of the loss, as the insurer's denial of coverage was "based on fact-sensitive defenses" that the court could not decide as a matter of law. *Id.* The court's order included the addendum that "the appraisers and umpire shall consider only damage resulting directly from the wind and ice storms" when determining the amount of loss. *Id.*

Here, the Estate is asking the Court to compel State Auto to allow an appraisal panel to determine whether the Estate's property damage was caused by the June 17, 2019 hailstorm and the amount of damage caused by the storm. These are fact-intensive questions, not legal questions of coverage under the policy. Our case law makes clear that it is appropriate for appraisers to answer both questions of causation and value when appraisal is available under an insurance contract. *See, e.g., id.* at *3. Like in *Motorists Mutual*, where the court allowed the appraisers to determine both the cause and value of the loss because they were both fact-sensitive issues, appraisers should be allowed to assess whether the hailstorm caused the Estate's property damage and how much that damage is worth. *See id.* at *4. ; And also like the appraisers in *Motorists Mutual*, who could only consider damages caused by the wind and ice storms, the appraisers may only consider damage caused directly by the June 17, 2019 hailstorm in their damages calculations. *See id.*

State Auto urges the Court to deny the Estate's motion because "an appraisal at this time would circumvent the court's authority to determine coverage." [DE 35 at 5]. It argues that "there has been no determination that Plaintiff's loss fell within the terms and period provided by State Auto's policy." [*Id.* at 4]. If the Court has not yet made such a determination, it does so now: property damage caused by a hailstorm on June 17, 2019 is a covered event under the policy. [*See* DE 1-2 at 69–74; DE 35 at 1]. Whether that hailstorm actually caused the claimed property damage

4

is a question of fact, not a legal question on the scope of insurance coverage. State Auto also attempts to distinguish *Motorists Mutual* and *Woods Apartments* from this case. It argues that in *Woods Apartments*, for example, "the Court had already determined that a 2007 claim was not covered but a 2008 claim was covered by the terms of the policy. The appraisers were allowed to consider 'causation' only to exclude any damage from the 2007 loss." [DE 35 at 4]. That is the case here, as well. Any hail damage stemming from the June 17, 2019 storm is covered by the policy's terms, and any damage that occurred outside the policy period is not. [DE 1-2 at 58, 60, 91, 110-15]. As in *Woods Apartments*, the appraisers here will consider causation so they can calculate what damage directly resulted from the hailstorm and exclude damage that occurred outside the policy period. *See Woods Apartments*, 2012 WL 12996188, at *1.

Finally, State Auto requested oral argument on the present motion. However, oral argument is neither necessary nor helpful to the Court in determining the present motion. Thus, State Auto's request is denied.

## CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) The Estate's Motion to Compel Appraisal [DE 28] is **GRANTED**.

(2) Defendant State Auto Property & Casualty Insurance Company shall participate in the appraisal process, as outlined in the insurance policy [DE 1-2 at 99], and both parties shall name an appraiser within 10 days of entry of this Order. The parties shall notify the Court within 10 days after conclusion of the appraisal process, regarding their proposed plan for resolution of outstanding issues.

(3) The appraisers and umpire shall determine whether the property damage at issue in this case was caused by a hailstorm that occurred on June 17, 2019. If the appraisers and umpire determine that the property damage at issue was caused by a hailstorm that occurred on June 17, 2019, then the appraisers and umpire shall determine the value of loss. In determining the value of the loss, the appraisers and umpire shall consider only damage resulting directly from the June 17, 2019 hailstorm. Under no circumstances shall the appraisers or the umpire consider the value of loss to include any damage that occurred outside the policy's effective period, February 26, 2019 to February 26, 2020.

January 18, 2023

Rebecca Grady Jennings, District Judge
United States District Court

cc: Counsel of Record